**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| *In re* J & J Pizza, Inc.<br><br>Debtor. | Civil Action No. 3:21-cv-13729 (PGS)<br><br>**MEMORANDUM**<br>**AND ORDER** |

This matter is before the Court on *pro se* appellant Steven D'Agostino's ("D'Agostino") motion for reconsideration of the Court's Order (ECF No. 13) denying appeal of the United States Bankruptcy Court for the District of New Jersey's May 26, 2021 Order confirming debtor J&J Pizza, Inc.'s Chapter 11 plan of reorganization, as modified by the Bankruptcy Court's July 6, 2021 Order granting reconsideration in part. (ECF 13).

**I**

This case arises from a bankruptcy dispute in which D'Agostino is a former employee and an alleged creditor of debtor J&J Pizza, Inc. ("debtor"). D'Agostino was employed from September 2014 until March 2015 as a delivery driver for this pizza store on Long Beach Island, New Jersey.   On or about March 2015, D'Agostino filed suit against debtor alleging that one of the owners and pizza makers John Parmer (deceased as of December 20, 2019), had made offensive

comments about D'Agostino's sexual orientation, giving rise to a discrimination claim. *See* Docket No. 3:17-cv-11603. Considering the ongoing litigation, on February 16, 2021, J&J Pizza filed an Amended Schedule E/F of Creditors listing D'Agostino as an unsecured creditor whose claim is contingent, unliquidated and disputed in an indefinite amount.

On May 26, 2021, the Bankruptcy Court issued an Order confirming the Debtor's Chapter 11 plan for reorganization. (ECF No. 1, Bankruptcy ECF No. 98). Pursuant to the Order, D'Agostino was: (1) recognized as a creditor with an "unliquidated, disputed claim" and was therefore ineligible to cast a ballot; (2) permitted a limited stay to continue his civil litigation against debtor "for the purpose of determining and liquidating his claim"; and (3) protected in that debtor was barred from making distributions to general unsecured creditors unless D'Agostino's potential pro-rata share was preserved in the escrow account of the disbursing agent.

On June 8, 2021, the Bankruptcy Court reconsidered the Confirmation Order pursuant to D'Agostino's motion and amended the Order on July 6, 2021 to state:

> To the extent Mr. D'Agostino's claim is liquidated and fixed in an amount greater than the currently estimated $1 million, the Debtor shall be responsible and obligated to pay Mr. D'Agostino his claim as fixed, but capped at the pro-rata share of the base sum to be distributed to all general unsecured creditors.

On July 14, 2021, D'Agostino filed an appeal before this Court. The appeal was denied on September 6, 2022 wherein the Court reviewed the Bankruptcy Court's Order and found no abuse of discretion and denied the appeal.

On September 21, 2022 D'Agostino filed the herein motion for reconsideration arguing that several factors were determined inaccurately or erroneously by this Court.  (ECF No. 13).

## II

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *United States v. Richardson*, No. 3:12-CR-00576 (PGS), 2022 WL 3214410, at *2 (D.N.J. Aug. 9, 2022) (internal quotation marks and citation omitted). Reconsideration is "an extraordinary remedy that is to be granted sparingly." *Id.* (internal quotation marks and citation omitted). On a motion for reconsideration, the moving party has the burden of demonstrating that (1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice. *Id.* (internal quotation marks and citation omitted).  Reconsideration motions may not be used to relitigate old matters, nor to raise arguments or present evidence that could have been raised prior to the entry of judgment.  *NL Indus., Inc.*, 935 F. Supp. at 516; *See* Wright, Miller & Kane, Fed. Practice and Procedure: Civil 2d § 2810.1.  "A

motion for reconsideration is not properly grounded on a request that a court rethink a decision already made." *Drumgo v. Does*, No. 17-188, 2018 WL 2994394 at *1 (D. Del., June 14, 2018).

III.

Generally, D'Agostino argues that the Court's Order should be reconsidered on the grounds that in confirming the Bankruptcy Court's Order, the Court made inaccurate or erroneous findings.  Each specific argument is explained below.

Argument 1

D'Agostino argues that there is a lack of supporting authority to support the Court's order because it is a matter of common sense that the Bankruptcy Court's Confirmation Order is unfair and disparate as it permits co-shareholder Jason Parmer to continue earning over $100,000.00 a year as president of J&J Pizza, Inc., and awarded secured creditors 100% of the debt amount while awarding D'Agostino only 8 cents on the dollar. (ECF No. 13 at 2).

Response 1:

Considering the practices of the Bankruptcy Court, the plan is a common sense solution which correctly evaluates the speculative nature of D'Agostino's litigation claim, at this point in time.

Argument 2

D'Agostino next argues that the Bankruptcy Court incorrectly found that there was a showing that J&J Pizza would be forced into liquidation unless D'Agostino's share was reduced to 8 cents on the dollar. (ECF No. 13 at 2). D'Agostino claims this finding is moot as he has continued to offer to wait until after the Plan was completed in March 2026 to collect on any judgment awarded so that his claim would not be impaired. *Id*.

Response 2:

Nothing is new here because D'Agostino argued same previously and it was considered by the Court in the prior motion; so there is no rationale for reconsideration.

Argument 3

D'Agostino contends the Court's reliance on Marc C. Capone's (attorney for debtor) oral argument and/or statement of facts is misplaced.  That is, D'Agostino offers three examples wherein he challenged Capone: (a) whether it can be said that Debtor was not far behind on payments to business-related vendors where the pre-petition arrears amounts to $339,359.86; (b) Capone failed to respond to D'Agostino's request for clarification; and (c) whether the Bankruptcy Orders are in conflict with Capone's statements regarding the automatic stay, or Capone's

conclusion that D'Agostino could not receive money until the Plan was finished

and all the other creditors were paid under the plan through March of 2026.

Response 3:

Same as Response 2.  (ECF No. 11, p.12-13).

Argument 4

D'Agostino argues there are alleged math mistakes and inconsistencies in

the confirmed Plan, so no reasonable Bankruptcy Court should have confirmed

same. D'Agostino argues as follows:

- incorrect totals in amounts owed to Celtic Bank, listing the total owed as $51,755.00 instead of $51,851.00;

- incorrect calculation of the total interest, listing the total interest owed as $2,135.00 instead of $2,231.20.

- the total amount of "General Unsecured Claims" of the Plan is $743,533.05 rather than actual total of the unsecured claims of $609,961.30;

- the Plan lists two different amounts owed to Domino's first it lists $30,453.36 as the remaining balance, and then $26,931.49 under Debtor Liabilities;

- inconsistent annual net income as Section 1.7 of the Plan claims it to be $186,606.00 while Section 3.2 of the Plan claims it to be $65,453.79. D'Agostino submits he presented this inconsistency to Capone who responded the figures were different as they were not representing net income but rather gross revenue and net income; and

- Inconsistent representation of dividends to unsecured creditors where on page 7 of the plan it states $145,054.00 but in Section 1.6 "Debtors Liabilities", the Plan states $145,045.00. (a difference of $9.00).

Response:

As a matter of Bankruptcy practice, the amounts owed to creditors change as the case proceeds in litigation because through disclosures of the parties, more facts become known, and the Plan is amended to address same.

For the above reasons, the motion for reconsideration is denied.

ORDER

This matter having come before the Court on D'Agostino's Motion for Reconsideration (ECF No. 13) and the Court having carefully reviewed and taken into consideration the submissions of the parties, as well as the arguments and exhibits therein presented; and for good cause shown; and for all of the foregoing reasons,

IT IS on this 27th  day of April, 2023,

ORDERED that the motion for reconsideration (ECF No. 13) is denied.


s/*Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.

7